UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-4-13

ARRELLO BARNES,

        Plaintiff,

    - against -

SUEANN SMITH, CARLA STEINBERG-ROSS,
DR. SYED MAHMUD, OSMAN YILDIZ,
and BRIAN FISHER.

        Defendants.

**OPINION AND ORDER**

**12 Civ. 1916 (PKC) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

*Pro Se* Plaintiff Arrello Barnes ("Barnes") brings this action against Defendants Brian Fisher, Sueann Smith, Dr. Syed Mahmud, Carla Steinberg-Ross, and Osman Yildiz (collectively known as "Defendants") alleging violations of the Eighth and Fourteenth Amendments. Before the Court is Barnes's motion for appointment of counsel. For the reasons set forth below, Barnes's motion is **DENIED**.

## II.  DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court of Appeals for the Second Circuit has articulated the factors that a court should consider in deciding whether to appoint counsel for an indigent civil litigant. The court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (*citing Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)).

The court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate*

*Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). After the two threshold determinations have been made, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues involved; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61-62.

Barnes satisfies the threshold requirement of indigence insofar as his request to proceed *in forma pauperis* was granted on May 21, 2012. *See* Docket No. 9. He has shown the ability to properly file a complaint including the relevant facts of his case. Furthermore, this case does not present novel or overly complex legal issues. Barnes has not given a clear indication that he is unable to provide opposition to the defendant's motion to dismiss or that he lacks the ability to present his case.

## III.    CONCLUSION

After careful review of Barnes's application in light of the aforementioned principles, the Court finds that appointment of counsel is not warranted in this case. Accordingly, the motion is **DENIED**.

**SO ORDERED this 4th day of February 2013**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

2